UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Frank Osborne, | ) C/A No.: 4:08-1026-TLW-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| U.S. Government, | ) |
| Defendant(s). | ) |

Plaintiff, who is proceeding *pro se*, has filed this matter pursuant to 42 U.S.C. § 1983 against the U.S. Government. Plaintiff's complaint states:

> I would like to prove there is no justice in our system. Our constitution says justice for all, but it only applys (sic) to thoses (sic) that brake (sic) the law. Justice is impossible to stand alone, for if you are going to have justice for the seller you also have got to have justice for the buyer. Justice for those that work for the Government, you also have to have justice for those that don't work for the Government. Justice isn't always for someone who breaks the law justice puts them on probation and they go out and break the law again. I would like to prove that freedom shouldn't be given to no man, but should be earned and the rights should be reserved so that it can be taken away and I would like to prove using someone else's money such as (taxes). For your own use is upon even for Congress and I would like to prove that prayer was wrong to be taken out of school. I would like to prove how some laws can be changed to give every man a job. I also would like to prove law our Government is standing our jobs over seas without knowing it. And I would like to prove law we the people support terrisom (sic) and not know it, but most of all I would like to show how to build a haven here on earth. Thank you. And I would like to prove when you send a man or woman into combat it is wrong not to give them what they need for recovery.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*,

64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to suit except under the Federal Tort Claims Act.

Plaintiff alleges, in part, that he "...would like to prove when you send a man or woman into combat it is wrong not to give them what they need for recovery...." To the extent the plaintiff is a veteran, and is seeking damages, or other relief, from the U.S. Government, he must file a suit pursuant to the Federal Tort Claims Act (FTCA).[1] Such a suit lies against the United States, in certain situations only, and litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a federal district court under the Federal Tort Claims Act. Administrative claims under the

---

[1] It should be noted that Plaintiff may be complaining about issues that can be resolved only through the legislature and not through the judicial system.

Federal Tort Claims Act must be filed on a Standard Form 95, which is promulgated by the United States Department of Justice. The complaint contains no indication that the plaintiff has timely submitted a claim on the Standard Form 95 to the Department of Veterans Affairs.[2]

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

Florence, South Carolina  
September 5, 2008

***The plaintiff's attention is directed to the important notice on the next page.***

---

[2] The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).